```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
STEPHEN GANNON, individually and on behalf of all               :
others similarly situated,                                      :
                                                                :
                               Plaintiff,                       :     22-cv-1674 (LJL)
                                                                :
               -v-                                              :     OPINION AND ORDER
                                                                :
JBJ HOLDINGS LLC and GRAND STREET DONUTS                        :
INC.,                                                           :
                                                                :
                               Defendants.               X
---------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff, Stephen Gannon ("Gannon" or "Plaintiff") brings this action against Defendants JBJ Holdings LLC ("JBJ Holdings") and Grand Street Donuts Inc. ("Grand Street Donuts" and collectively with JBJ Holdings, "Defendants") for alleged violations of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. Dkt. No. 5 ("Compl."). Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for a default judgment against Defendants. Dkt. No. 21. For the following reasons, Plaintiff's motion is denied without prejudice.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of this motion.

Plaintiff Gannon is an amputee and uses a wheelchair for mobility. Compl. ¶ 46. Defendants control the premises at 351 Grand St., New York, New York, 10002 ("the Premises"), which is a popular donut shop located on the ground floor of a four-story building.

*Id*. ¶¶ 7–9, 48.  The entrance to the Premises is adorned with a steep ramp that lacks handrails and insufficient maneuvering clearance.  *Id*. ¶¶ 48–56.

Plaintiff alleges that he "has experienced difficulty gaining access to the [Premises] because of the unlawful architectural barriers, and therefore suffered an injury in fact." *Id*. ¶ 58. He alleges continued harm and personal injuries from lack of redress by Defendants for structural deficiencies, and deprivation of full and equal enjoyment of the public space.  *Id*. ¶¶ 61–62, 65, 76.

## PROCEDURAL HISTORY

Plaintiff filed the complaint in this Court on February 28, 2022 on behalf of himself and those similarly situated ("Complaint").  *Id*. ¶ 2.  Plaintiff's first cause of action alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*., for failing to remove architectural barriers to provide an accessible entrance at street level, *id*. ¶¶ 49–57, and depriving Plaintiff of full and equal enjoyment of the Premises, *id*. ¶ 76.  Plaintiff's second, third, and fourth claims allege Defendants are in violation of the New York State Human Rights Law, ("NYSHRL"), the New York State Civil Rights Law, ("NYSCRL"), and the New York City Human Rights Laws ("NYCHRL").  *Id*. ¶¶ 81, 96, 101.  Plaintiff seeks injunctive and declaratory relief under the ADA, NYSHRL, NYSCRL, and NYCHRL requiring Defendants to alter the Premises to remove architectural barriers and make them readily accessible to individuals with disabilities, *id*. ¶¶ 114–119; compensatory damages for violations under the NYSHRL, the NYSCRL, and the NYCHRL, *id*. ¶¶ 95, 98, 111; punitive damages for violations under the NYCHRL, *id*. ¶ 113; and reasonable attorneys' fees and costs.  *Id*. ¶ 112. Defendants were served a copy of the summons and Complaint on March 16, 2022.  Dkt. Nos. 11–12.

Defendants' answer was due by April 4, 2022. *Id*. After Defendants failed to respond by that deadline, Plaintiff requested a Certificate of Default for both Defendants on March 4, 2022, Dkt. No. 16, which was issued by the Clerk's Office, Dkt. No. 17. On July 11, 2022, Plaintiff moved for default judgment as to both Defendants. Dkt. No. 21. A hearing on the motion for default judgment took place on August 12, 2022, and Defendants failed to appear.

## DISCUSSION

"For the Court to adjudicate this matter, Plaintiff must first establish that he has standing pursuant to Article III of the Constitution." *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 135 (S.D.N.Y. 2020). Because jurisdictional requirements, such as standing, define the bounds of a court's adjudicatory authority which is limited to resolving "Cases" or "Controversies," U.S. Const. art. III, courts "are entitled at any time *sua sponte* to delve into the issue of standing even if defendants do not raise the issue." *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997)).

For Article III standing, a plaintiff must show: (1) an injury in fact that is (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) the injury would likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Thorne*, 469 F. Supp. 3d at 135. "Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a real and immediate threat of repeated injury." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013).

In the Second Circuit, a private plaintiff may establish standing if he alleges: (1) he suffered a past injury under the ADA; (2) it is reasonable to infer from the complaint that the discriminatory treatment would continue; and (3) it is reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of the public accommodation to Plaintiff's home, that they intend to return in the future. *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 74 (2d Cir. 2022) (*quoting Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)).

To establish the first factor—*i.e.,* past injury—Plaintiff need not attempt to enter the premise; deterrence due to the discriminatory treatment alone is sufficient. *Kreisler*, 731 F.3d at 188. "[T]he focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Calcano*, 36 F.4th at 74–75 (citation omitted). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury. *Id.* at 75 (internal quotation marks and citation omitted).

The sufficiency of pleadings are "analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).

Here, Plaintiff's allegations are too conclusory to establish standing. *See Calcano*, 36 F.4th at 74 (stating that standing may not be premised on conclusory allegations). Although Plaintiff alleges that he "encountered violations of the ADA . . . at the [Premises] and has

experienced difficulty gaining access to the [Premises], because of the unlawful architectural barriers, and therefore suffered an injury in fact,"[1] Compl. ¶ 58, Plaintiff offers no factual allegations to support such a claim.  For example, he does not allege what day (or even for that matter, what year) he encountered these "violations," or what specifically about the architectural barriers caused him to have difficulty gaining access to the Premises.  "The Court is not obligated to—and does not—accept" such "conclusory recitation of the legal elements of a direct injury under the ADA."  *Feltzin v. Triangle Properties #1, LLC*, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016).

       The allegations in the Complaint also do not create a reasonable inference that Plaintiff intends to return to the Premises in the future.  *See Calcano*, 36 F.4th at 77–78 (holding that a plaintiff must offer more than "'naked assertions' of intent to return" to establish standing).  Although Plaintiff broadly asserts that "[t]he individual Plaintiff, and all others similarly situated, will continue to suffer discrimination and injury without the immediate relief provided by the ADA, as requested herein," Compl. ¶ 65, Plaintiff does not allege that he intends to return to the Premises in the future.  Moreover, none of the factual allegations in the Complaint reasonably support such an inference.  While Plaintiff alleges that both he, *id.* ¶ 5, and the Premises, *id.* at ¶ 7, are located in New York County, the Complaint does not—for example—detail Plaintiff's proximity to the Premises.  Manhattan is large and travel around the island is time consuming and at times difficult-especially for disabled individuals needing additional accommodations in public transit or parking areas.  *See Calcano*, 36 F.4th at 76 (finding allegation that plaintiff lived in the Bronx and thus close to defendant's store in Manhattan was insufficient to confer standing

---

[1] "Because plaintiff has not attempted to allege a deterrence-based injury, the Court focuses its inquiry on the former category."  *Feltzin v. Triangle Properties #1, LLC*, 2016 WL 11599264, at *4 (E.D.N.Y. Dec. 15, 2016).

as "the address could be up to an hour away"). There are many donut shops on the island. Plaintiff does not allege what is distinctive about Defendants' donut shop. Nor does Plaintiff allege the frequency with which he has visited the Premises in the past, *id.* (finding lack of standing because plaintiffs "fail to provide any details about their past visits or the frequency of such visits"), or why he wants to avail himself of Defendants' services "so urgently" that he intends to do so immediately upon the removal of the alleged barriers, *id.* at 77. In the absence of any such additional allegations, this Court is unable to draw an inference that he would return to the Premises in the future. For these reasons, Plaintiff has failed to sufficiently allege standing under the ADA. *See Calcano v. Cole Haan LLC*, 2021 WL 849434, at *3 (S.D.N.Y. Mar. 5, 2021).

Plaintiff's New York State and City claims are "governed by the same standing requirements as the ADA." *Mendez v. Apple Inc.*, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019); *see Cole Haan LLC*, 2021 WL 849434, at *3. Because Plaintiff lacks standing to sue under the ADA, he similarly lacks standing under Article III to sue under these statutes. *Cole Haan LLC*, 2021 WL 849434, at *3.

Plaintiff therefore lacks standing to assert any of the claims in this action. Accordingly, the Court lacks jurisdiction over this matter. Plaintiff's Complaint is dismissed without prejudice and Plaintiff's motion for default judgment on the basis of that Complaint is denied.

## CONCLUSION

The motion for default judgment is DENIED without prejudice. Plaintiff shall have 30 days from the date of this Order to amend the Complaint. In the absence of any such amendment within the 30 days or any extension of time thereafter granted by the Court, the Court will close the case.

The Clerk of Court is respectfully directed to close Dkt. No. 21.

SO ORDERED.

Dated: October 11, 2022
      New York, New York

                                       LEWIS J. LIMAN
                              United States District Judge