UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GANNON,<br><br>       Plaintiff,<br><br>     -v.-<br><br>JBJ HOLDINGS LLC et al.,<br><br>       Defendants. | 22 Civ. 01674 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

  Plaintiff Stephen Gannon sues Defendants JBJ Holdings LLC, John Does 1-X, and Grand Street Donuts Inc. under Title III of the Americans with Disabilities Act. *See* ECF No. 5. Plaintiff has failed to prosecute this case for more than two years. The Court now dismisses the action without prejudice.

## I. Procedural History

  Plaintiff filed his Complaint on February 28, 2022. Defendants were served with process on March 16, 2022. *See* ECF Nos. 11, 12. Responses were therefore due on April 6, 2022. *Id.* No response was filed, however, and no counsel appeared on behalf of Defendants at the Initial Pretrial Conference on May 31, 2022. *See* ECF Nos. 13 (scheduling IPTC), 18. After requesting an extension due to "unforeseen circumstances," ECF Nos. 19 (requesting extension), 20 (granting extension), on July 11, 2022, Plaintiff moved for a default judgment, ECF No. 21. The Court denied the motion without prejudice on October 11, 2022, based on Plaintiff's failure to demonstrate standing. ECF No. 25 (also granting leave to amend).

  On November 10, 2022, Plaintiff filed an amended complaint. ECF No. 26 (First Amended Complaint). Because the docket did not reflect service of the amended complaint (the "First Amended Complaint") on any Defendant, on October 27, 2023, the Court directed Plaintiff to "file a letter explaining why he ha[d] failed to serve the First Amended Complaint within the

90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure—or, if Plaintiff believe[d] that Defendants ha[d] been served, when and in what manner such service was made." ECF No. 28.[1]  The Court also cautioned that, "[i]f Plaintiff fail[ed] to file a letter by November 9, 2023 showing good cause why such service was not made within the 90 days, the Court [might] dismiss the case without further notice." *See id.*  On November 9, 2023, Plaintiff attempted to file a certificate of service.  *See* ECF No. 29.  On that day and on December 12, 2023, respectively, the Clerk's Office docketed notices indicating a "filing error" and the need to "re-file [the] document."  *See id.*  Plaintiff did not respond.  In more than a year since, neither party has filed anything on the docket.

On November 27, 2024, the Court ordered that, by December 6, 2024, Plaintiff must "show cause why this action should not be dismissed for failure to prosecute."  *See* ECF No. 30 at 2.  The Court warned that "**[f]ailure to show such cause w[ould] result in dismissal of the case without further notice pursuant to Rule 41 of the Federal Rules of Civil Procedure**."  *Id.* (emphasis in original).  In addition, the Court directed Plaintiff to "serve a copy of this Order on all Defendants within two business days of the date of this Order and file proof of such service within three business days of the date of this Order."  *Id.*  Plaintiff did not comply.

## II.  Discussion

The Supreme Court and the Second Circuit have long recognized federal courts' authority to dismiss an action with prejudice due to the plaintiff's failure to prosecute—a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir.

---

[1] The case was originally assigned to the Honorable Lewis J. Liman and reassigned to this Court in 2023.

2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251; *see also Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *3 (2d Cir. Oct. 31, 2024) (describing dismissal as a "harsh remedy"). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Carr v. Canty*, No. 10 Civ. 3829 (BSJ) (KNF), 2011 WL 1641439, at *1 (S.D.N.Y. Apr. 28, 2011), *report and recommendation adopted*, ECF No. 16 (S.D.N.Y. June 18, 2011) (recommending dismissal, *inter alia*, for failure to prosecute).

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "[N]one of the five factors is separately dispositive[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). Having carefully weighed each of these factors, the Court concludes that dismissal is warranted.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255. Here, Plaintiff made only cursory efforts to effect service. *See* ECF No. 29 (Clerk's Office error notice regarding certificate of service of First Amended Complaint filed on November 9, 2023, which was never rectified). Moreover, he did not respond to repeated directives from the Court. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)

3

(dismissing for failure to prosecute when a parties ignored two court directives); *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 120 (S.D.N.Y. 2016) (dismissing when the court set a "clear deadline for [Plaintiff's] response and, in plain terms, set out the consequence for non-response"). These failures have spanned more than two years. *See, e.g.*, *id.* ("Plaintiff's delay of two years in prosecuting this case favors dismissal."); *Drake*, 375 F.3d at 255 ("[P]laintiff's 17-month delay was significant."); *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (holding that six-month delay justified dismissal where plaintiff had "proffered no explanation for her apparent abandonment of her case, nor . . . made any attempt to contact th[e] Court or [the] defendant").

Regarding the second factor, Plaintiff was "on notice" from the October 27, 2023 and November 27, 2024 Orders to Show Cause, ECF Nos. 28 and 30, "that failure to comply would result in dismissal." *See Lucas*, 84 F.3d at 535. Indeed, the Court warned that failure to offer a satisfactory and timely response "w[ould] result in dismissal of the case without further notice." ECF No. 30 at 2; *see also Rubin,* 319 F.R.D. at 120 (dismissing for failure to prosecute after the court had issued "a notice specifically stating that failure to prosecute would result in dismissal").

Third, Defendants "are likely to be prejudiced by further delay in the proceedings." *Lucas*, 84 F.3d at 535. Plaintiff's "inaccessibility has delayed this case for" more than two years. *Caussade*, 293 F.R.D. at 630-31. When such inaccessibility and delay are "inexcusable," "prejudice is presumed." *Caussade*, 293 F.R.D. at 630-31 (deeming prejudice presumed where plaintiff was "inaccessible" and caused "at least a seven-month delay in prosecuting this action"); *see Hibbert*, 2000 WL 977683, at *3 (holding that "plaintiff's delay [was] neither moderate nor excusable" and presuming prejudice to defendant where "[t]he record [was] devoid

4

of any explanation for plaintiff's complete inaction and failure to respond . . . for over six months").

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. "Conduct such as occurred here[,]" where Plaintiff has effectively abandoned his case, "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (noting that a "consideration of the five *Lucas* factors . . . justif[ied] the sanction imposed" because Plaintiff had "seriously disrupted" the Court's "need to manage its docket"); *see Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01 Civ. 3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed her mind or the court lost patience."). While the Court has a strong interest in managing its docket, Plaintiff has not demonstrated his own interest in being heard on the merits of his case, since he has allowed it to languish for more than two years. In issuing the Orders described above, *see* ECF Nos. 28, 30, the Court afforded Plaintiff "a fair chance to be heard." *Lucas*, 84 F.3d at 535. It is not efficient for the Court to attempt to goad Plaintiff and his counsel into compliance with deadlines and Court procedures.

"Finally, the Court finds that 'a sanction less drastic than dismissal' will not suffice." *Id.* Plaintiff has not shown any interest in prosecuting his case—for example, by "request[ing] additional time to litigate his . . . claims[,]" or by "represent[ing] that he was prepared to prosecute those claims diligently." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute). Accordingly, no sanction less than

5

dismissal will alleviate the ongoing burden on Defendants and the Court of continuing to keep this action open. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."); *see also Waters v. Camacho*, 288 F.R.D. 70, 71-72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

### III. Conclusion

Because the Court has afforded Plaintiff "several chances" to prosecute his case and "Plaintiff has failed to take those opportunities," dismissal for failure to prosecute is appropriate. *Jones v. New York City Dep't of Corr.*, No. 21 Civ. 2145 (MKV), 2024 WL 4026167, at *4 (S.D.N.Y. Sept. 3, 2024). Accordingly, under Federal Rule of Civil Procedure 41(b) and the Court's inherent power, *see Link*, 370 U.S. at 630-32, the Court hereby dismisses this case, without prejudice, for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: December 20, 2024
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge